UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDSON BROWN,<br>          Petitioner,<br><br>v.<br><br>STATE OF CONNECTICUT, et al.<br>          Respondents. | :<br>:<br>:   PRISONER<br>:   Case No. 3:02cv505(PCD) (JGM)<br>:<br>:<br>: |

**RECOMMENDED RULING ON MOTION TO REOPEN**

On March 21, 2002, petitioner filed his Petition for Writ of Habeas Corpus. (Dkt. #1).[1] On August 29, 2002, Senior U.S. District Judge Peter C. Dorsey filed his Ruling and Order (Dkt. #22), in which he granted respondents' Motion to Dismiss this case on the ground that petitioner had not exhausted his state court remedies with regard to any ground for relief contained in the petition. (At 3-5, 7-10). The case was dismissed without prejudice to petitioner filing another federal habeas action after he fully exhausted his state court remedies. (At 10).

On January 11, 2006, petitioner filed a Motion to Reopen this case and obtain a copy of the file. (Dkt. #24). Nine days later, Judge Dorsey referred this motion to this Magistrate Judge. (Dkt. #26). For the reasons stated below, petitioner's motion (Dkt. #24) is <u>denied</u>.

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub.

---

[1]The Petition originally was filed in the United States District Court for the District of Rhode Island, but later was transferred to this district. (Dkts. ##10 & 13. <u>See also</u> Dkt. #22, at 5-7).

L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2244(d)(1) to impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In ruling on respondents' Motion to Dismiss, Judge Dorsey determined that the limitations period in this case commenced on August 20, 2001, at the expiration of the time permitted to file a petition for certiorari to the United States Supreme Court from the decision of the Connecticut Supreme Court affirming petitioner's conviction.  (Dkt. #22, at 10).  Because petitioner had filed a state habeas petition in February 2001, the limitations period was immediately tolled.

(Id.).  Thus, at the time Judge Dorsey dismissed this case in August 2002, petitioner had one full year from the time he completed exhausting his state court remedies to file another federal habeas corpus action.  For that reason, the court dismissed the petition without prejudice to commencing a new action instead of staying the action or dismissing it without prejudice to reopening.  (Id.).

Petitioner provides no reason why the court should reopen this case rather than requiring him to file a new federal habeas action as specified in the August 2002 Ruling and the court can discern no prejudice to petitioner by requiring him to comply with Judge Dorsey's previous Ruling and Order.  Accordingly, his Motion to Reopen (Dkt. #24) is denied.

Petitioner also asks the court for a free copy of the habeas file. Petitioner's motion is granted to the extent that the Clerk is directed to send petitioner a copy of the habeas petition with this order.

In conclusion, petitioner's motion (**Dkt. #24)** is **DENIED** as to the request to reopen this case and **GRANTED** to the extent that the Clerk is directed to send petitioner a copy of the petition (Dkt. #1) with this ruling.

Petitioner is directed to file a new federal habeas action.  His petition should include a description of how he exhausted his state court remedies for each ground for relief included in the petition.  The Clerk is directed to send petitioner a section 2254 habeas form with this ruling.

Any objections to this recommended ruling must be filed with the Clerk of the Court within **ten (10)** days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules

72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

    Entered this 3rd day of February, 2006, at New Haven, Connecticut.

                                                 /s/

                                      JOAN G. MARGOLIS
                                      UNITED STATES MAGISTRATE JUDGE