FEB 2 3 2006

UNITED STATES DISTRICT COURT
District of Connecticut

FILED
2006 MAR -8 P 1:07
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Feb-20-06

Judson Brown
    Petitioner

V.

State of Connecticut et al.
    Respondents.

Prisoner
Case No. 3:02cv505(PCD)(JGM)

<u>Objection to Recommended Ruling on Motion to Reopen</u>

On March 21, 2002 petitioner filed his Petition for writ of Habeas Corpus. (Dkt #1.) On August 29, 2002 Senior U.S. District Judge Peter C. Dorsey filed his Ruling and Order (Dkt. #22,) in which he granted respondents motion to Dismiss this Case on the Ground that Petitioner had not Exhausted his State Court remedies with Regard to any ground for Relief Contained in that petion, Now Comes petitioner Asking this Court to Reconsider its Recommended Ruling on motion to Reopen Petitioner's write of Habeas Corpus that was filed March 21, 2002 and order that it be Reopen only for the issues on that Habeas Complant only: As The Petitioner states that he has exhausted his Administrative @ state Corrective remedies, or, alternatively, alleges that the exercise of same would be <u>futile</u>. As the case is now: On the date of May 15, 2003. The Chief Public Defenders office filed a Application of Asking the Court

to grant rights for The CHIEF PUBLIC DEFENDERS to file A BRIEF AS <u>AMICUS CURIAE</u>: against the Petitioner; Judson Brown Vs. WARDEN-CHESHIER CV010448636 S: As Petitioner did state in his first HABEAN Corpus that it would be futile for petitioner if he did exhause all his administrative @ state Corrective Remedies; stated in Petition for writ of HABEAS Corpus Dated (MAR.21-02) Copy of APPLICATION of The office of CHIEF PUBLIC DEFENDER for PERMISSION to Appear And file A BRIEF As AMICUS CURIAE is here with motion to object to Recommended Ruling on motion to Reopen. (the total BRIEF @ application) has not been copied as petitioner can not afford at this time; However a single copy of front page of Amicus Curiae is here with: This action should shock this Court as it now knows it was futile for petitioner to exhause his Administrative and state remedies; As will this Court should know that petitioner was made to wave his clame on his pro <u>SE</u> Habens Corpus that he filed in this Court befor his Habeas Trial Court befor Judge ANGELA ROBINSON-THOMAS. Sept. 24. 2002 on the day of Trial petitioners attorney Justine Miller was pulled to the side by the Chief Public Defender attorney, telling Atty: Justine Miller <u>NOT</u> to vase that issue on Petitioners Habeas. if so the petitioner would have to vase that ISSUE <u>PRO-SE</u>: And do his owne Habeas trial; AS My ISSUE was the first clame that was to be heard; it was waived

by Petitioner or petitioner could not go forward with his Habeas trial with his attorney. This Court should want to have petitioner's HABEAS Corpus in the Intrest of Justice; as it was this court that derected Petitioner to exhause his Administrative @ state <u>futile Remedies</u> as the Application for public defender show with the fileing of a Amicus Curiae "agare" the petitioner wining his habeas Trial. it was after all this court that orderd petitioner to exhause his Remedies; this would be no differant then a case between Caesar Versus Caesar's wife. but in this case Petitioner being Caesar's wife is told that it would be Caesar him self wholl be petitioner's attorney, or pay for petitioner's attorney; find one for petitioner, etc. in this case order petitioner <u>NOT</u> to rase petitioners issues that was in his pro-se Habeas filed in this Court. this court should note that petitioner's HABEAS ISSUES was nomber one issues befor I, petitioner was ask to wave it, or do his on Habeas trial; agean the "Hobson's choice"; go along with the program being laid out by the chief public defenders office, or do the trial pro-se: petitioner ask this Court to Reconsider @ Reopen his HABEAS Corpus by <u>petitioners objection</u> to Courts Recommended Ruling on motion to Reopen. <u>In the Intrest of Justic:</u>

WHEREFORE, Petitioner prays for an order from this Honorable Court: Honorable Joan G. Margolis, United States Magistrated Judge, to find the needed Case Law, etc. to grant petitioners Habeas @ motion to Reopen. As it has been proven to be futile to exhaust his Corrective Remedies useing state public defender's services; atty's, etc. And grant the following.

#1, Granting his motion to Reopen his Habeas Corpus.
#2, Granting him Pition to proceed in forma pauperis @ order that Counsel be Immediately Appointed in accordance with 28 U.S.C. Section 2254(h).
#3, Any other relief this Court deems meet @ Just.

_Judson H. Brown_

Judson H. Brown #101295
900 - Highland Ave
Cheshier, Conn. 06410
Date: 2-20-'06

I hereby Certify that the foregoing was sent 1/16

| | |
|---|---|
| CV01 0448636 S | : SUPERIOR COURT |
| JUDSON BROWN | : J.D. NEW HAVEN |
| vs. | : AT NEW HAVEN |
| WARDEN – CHESHIRE | : MAY 15, 2003 |

## APPLICATION OF THE
## OFFICE OF CHIEF PUBLIC DEFENDER FOR PERMISSION TO
## APPEAR AND FILE A BRIEF AS AMICUS CURIAE

The Office of Chief Public Defender of The Division of Public Defender Services respectfully requests permission to appear as Amicus Curiae and to file a brief in the above matter addressed to the following issue:

> Whether the filing of a Motion to Withdraw by the public defenders pursuant to their statutory obligation under C.G.S. §53a-297 can constitute a basis for a finding of ineffective assistance of counsel?

I.   **Brief History of the Case**

Judson Brown was the defendant in the matter of State of Connecticut v. Judson Brown, docket number CR96-438991. Mr. Brown was initially arrested on October 10, 1996. The matter was transferred to Part A and by way of a substitute information, Mr. Brown was charged with **Arson in the First Degree** in violation of **C.G.S. 53a-111(a)(3)**, **Arson in the First Degree** in violation of **C.G.S. § 53a-111(a)(4)**, and **Conspiracy to Commit Arson First Degree**, in violation of **C.G.S. §53a-111 and §53a-48**. The jury trial commenced on May 17, 1999 and the defendant was convicted of all counts after trial in the Judicial District of New Haven before Fracasse, J. on June 7, 1999. The convictions were affirmed on appeal. State v. Judson Brown, 256 Conn. 291 (2001), cert. denied, 534 U.S. 1068 (2001).

In this case, Mr. Brown was initially represented by court appointed counsel from the public defender's office. Attorney Francis Mandanici and Attorney Mary Haselkamp

1

# Certification

I hereby Certify that the foregoing was sent via U.S. Mail, postage prepaid to the following Counsel, on this the, 21 day of Feb. 2006.

Attorney, Carolyn K. Langstreth
Senior Assistant State Attorney
Civil Litigation Bureau
Office of the Chief States Attorney
300 Corporate Place
Rocky Hill, Ct. 06067
TEL- 860- 258-5887

Dated. 2-20-'06
Judson H. Brown #101299
*[signature]*